2. "When the judgments were recovered against the executor, it was not necessary that the wife and children of the debtor should be made parties, for they were privies in estate with the executor and bound by judgments against him as to the existence of the debts and all matters necessarily involved and therein adjudicated."

3. The order of reference was premature, both because it was before the answers were filed, and because an appeal from the order overruling the oral demurrer was then pending.

4. Under the demurrer, the question whether the land conveyed was the debtor's homestead, was not involved. OPINION by MR. JUSTICE McGOWAN, July 11, 1887. *Perry & Heyward*, for appellants. *Geo. Westmoreland* and *A. C. Welborn*, contra.

No. 2092. HOLLAND *v.* KEMP. April Term, 1887. The complaint alleged as a first cause of action, the execution by defendant to plaintiff of a sealed note which was copied into the complaint; as a second cause of action, the like execution of another sealed note which was copied; and as a third cause of action, the like execution of still another note, which was copied; then followed a paragraph stating in the aggregate the amount due on the three notes and demanding judgment therefor. Defendant demurred separately to the three causes of action, that they did not in themselves state facts sufficient to constitute a cause of action. The demurrers were overruled by the Circuit Judge (Hudson) and defendant appealed. *Held*, that the three causes of action were sufficiently stated; but that there was really only one cause of action embracing three items. And moreover, if imperfectly stated, the proper remedy is not demurrer, but motion before trial to make the averments more definite. OPINION by MR. JUSTICE McGOWAN, July 12, 1887. *Westmoreland & Dorroh*, for appellant. *T. Q. & A. H. Donaldson*, contra.

No. 2103. TALBOTT & SONS *v.* E. J. SANDIFER. April Term, 1887. This was an action to foreclose a mortgage on a steam engine. The defence was, breach of warranty and offer to rescind. Under issues submitted to the jury, they found that plaintiffs had not complied with their agreement, and that defendant's damages by reason thereof were $100. The Circuit Judge (Witherspoon) declined to rescind, but ordered a credit of $100 to be entered on