## LATIMER v. SULLIVAN.[1]

1. In action by executor to recover the amount due on several notes given to testator by defendant at different dates, these notes were separately stated in several paragraphs of the complaint, but not as several causes of action. On demurrer, *held* that if several causes of action, they were sufficiently stated, but there was really only one cause of action. And if imperfectly stated, demurrer is not the proper remedy, but motion to make more definite. *Holland* v. *Kemp*, 27 S. C., 623, approved.

2. Plaintiff may reply to an alleged counter-claim and at the same time

[1] See *Latimer* v. *Mehaffey*, in Notes of Cases, at end of this volume.—RE-PORTER.

demur thereto upon the ground that it does not state facts sufficient to constitute a counter-claim.

3. In action by an executor to recover from defendant several notes due to testator, specific and residuary legacies, given by testator to defendant, but unassented to by the executor, cannot be set up as counter-claims.

4. These counter-claims having been stricken out on demurrer, the case was a pure action at law, and therefore a reference to the master was properly refused.

Before NORTON, J., Greenville, May, 1888.

This was an action on seven notes given by defendant to plaintiff's testator, four of which bore date August 11, 1883, and three of which were dated February 5, 1880. April 23, 1880, and November 26, 1881, respectively. The first seven paragraphs of the complaint alleged the making and delivery of these notes; and its other paragraphs alleged non-payment, death of testator, &c. Other matters are stated in the opinion.

*Messrs. Perry & Heyward*, for appellant.

*Messrs. Irvine & Mooney*, contra.

February 8, 1889. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The action below was an action at law on seven notes given to one Hewlet Sullivan, plaintiffs' testator, by the defendant, aggregating $5,120, besides interest, three of said notes bearing different dates, and the others the same date, to wit, August 11, 1883. The defendant answered the complaint, and interposed two counter-claims, one being an alleged legacy of $4,000 in the will of plaintiffs' testator bequeathed to the defendant, and the other a claim for some $30,000, as a residuary legatee under said will, at the same time alleging that plaintiffs, as executors, had collected large amounts belonging to the estate of their testator, but had refused to make a settlement, and he prayed judgment for the $4,000 legacy and for an accounting and final settlement, averring that the notes sued on had been given with a distinct understanding that they should not be collected. The plaintiffs replied, denying the alle-

gations in the answer as to the large amounts collected by them, and as to the understanding that the notes sued on were not to be collected, and also as to the counter-claims, "and for a further and more specific defence to the counter-claims" they interposed a demurrer, "Because the said pretended counter-claims were of such a character that, upon their face, they constituted neither counter-claims nor defences."

Upon the call of the case for trial, the defendant demurred orally, that the complaint did not state facts sufficient to constitute a cause of action, which being overruled, he then moved, upon previous notice given, that it be referred to the master to take the testimony, and to require the plaintiffs to account for all matters in their hands in which defendant was interested. This motion, with the plaintiffs' demurrer, was heard, resulting in a refusal of the motion of reference and the sustaining of plaintiffs' demurrer to the counter-claims of defendant, and an order or decree directing the counter-claims of defendant to be stricken out, and the case stand for trial without said counter-claims.

The defendant has appealed upon the following exceptions: "1st. That his honor erred in refusing to dismiss the complaint upon the ground that the causes of action therein referred to are insufficiently stated. 2nd. That his honor erred in sustaining the demurrer to the counter-claims, when the plaintiffs had already replied to said counter-claims. 3rd. That no sufficient ground of demurrer is stated in the pleadings of the plaintiffs. 4th. That the counter-claims set up by the defendant are valid, and should not have been stricken out. 5th. That his honor erred in refusing defendant's motion to refer the cause to the master."

The appeal raises three questions: 1st. Whether defendant's demurrer to the complaint should have been sustained. 2nd. Whether plaintiffs' demurrer to the counter-claims should have been sustained. 3rd. Whether his honor erred in refusing defendant's motion to refer the cause to the master.

The defendant's demurrer was upon the ground that the complaint did not state facts sufficient to constitute a cause of action; and under this demurrer it is urged that the complaint is fatally defective in that several causes of action have been united without a separate and distinct statement as to each cause, such as is

8—30

required under the new system of pleading, it being contended that this system requires that where several causes of action are embraced in a complaint, they must be stated separately, each statement containing within itself all the allegations necessary to a recovery on said cause of action, without reference to any other cause stated in the complaint, and that allegations contained in one part of the complaint in connection with a cause of action there stated cannot be borrowed to complete a cause of action stated in another part. And for this, *Pomeroy on Remedies*, section 575, *Bliss' Code Pleading*, section 121, *Hammond* v. *Railroad Company*, 15 S. C., 28, and the remarks of Mr. Justice McIver in *Childers* v. *Verner & Stribling*, 12 S. C., 8, are cited.

There is no doubt but that these authorities fully sustain the proposition contended for. The important question, however, is, does the complaint here in its allegations violate this well settled principle? We think not. On the contrary, we think that the case of *Holland* v. *Kemp* (27 S. C., 623) sustains the complaint, and warranted his honor in overruling defendant's demurrer thereto. In that case, the plaintiff had sued upon three several notes, and a demurrer, like that here, was interposed, which being overruled on Circuit, an appeal was taken, and this court sustained the ruling below, holding "that the three causes of action were sufficiently stated, but that there was really only one cause of action embracing three items. And moreover, if imperfectly stated, the proper remedy is not demurrer, but motion to make the averments more definite before trial." Upon examination, it will be found that there is no conflict between *Holland* v. *Kemp, supra*, and the authorities cited above, to wit, Pomeroy, Bliss, and Hammond *v.* Railroad Company; on the contrary, that the principle contended for by appellant, and sustained by these last mentioned authorities, was not enforced in *Holland* v. *Kemp*, not because it was unsound, but because it was not applicable to the facts thereof. So, too, in the case before the court, we do not think the principle urged is applicable.

Next, as to plaintiffs' demurrer as to so much of defendant's answer as attempts to set up the alleged counter-claims. This is objected to, first, on the ground that plaintiffs having replied, they could not demur. That the two, reply and demurrer, were

inconsistent, and could not stand together.   Section 174 of our Code provides, that where an answer contains new matter, *constituting a counter-claim*, the plaintiff may reply thereto, denying the same, &c., or alleging some new matter as a defence to the new matter in the answer.   In fact, he must do the one or the other, at the peril, upon failure to do so, of having judgment go against him by admission of the said counter-claim.   *Hubbell* v. *Courtney*, 5 S. C., 89.   This is upon the ground that a counter-claim, when well pleaded, is a cross-action, and, unlike other matter in an answer, is to be taken as true unless controverted in the reply.   It stands like the complaint of the plaintiff, containing a statement of a cause of action by defendant against the plaintiff.   It is also provided in section 174, *supra*, that the plaintiff may, in all cases, demur to an answer containing new matter, where, upon its face, it does not constitute a counter-claim or defence, and he may demur to one or more of such defences or counter-claims, and reply to the residue of the counter-claims.

Construing these provisions, found in the same section of the code, together, it will be seen that where the defendant sets up new matter amounting to and really constituting a counter-claim, the plaintiff must reply at his peril, denying the counter-claim, or interposing new matter as a defence thereto.   But if the new matter set up in the answer upon its face does not, in the judgment of the plaintiff, constitute a counter claim, he may demur, and have the question, whether or not it is a counter-claim, determined.   And we can see no good reason why the plaintiff, when he is in doubt whether the new matter set up in the answer constitutes a counter-claim or not, should not both reply and demur. Assuming it to be a counter-claim, why should he not be allowed to deny its truth, or set up some new matter in defence; or, if doubtful of this, and that upon its face it does not constitute a counter-claim, why should he not be allowed to demur?   The language of section 174, *supra*, when the whole section is read together, seems to contemplate this, and to provide under certain circumstances for both a reply and demurrer to an alleged counter-claim set up in an answer, the demurrer being in the nature of a defendant's demurrer to a plaintiff's complaint, on the ground that the facts stated do not constitute a cause of action, which is

always available in any stage of the case. In the case before us, the plaintiffs at first replied, denying the truth of the allegations as to the counter-claims. They then demurred upon the ground that said pretended counter-claims were not, upon their face, counter-claims; in other words, did not contain matter which could be set up as a counter-claim—did not contain facts sufficient to constitute a cause of cross-action. We think this was allowable under the code.

The next objection alleges error to the Circuit Judge in holding that the matters set up did not constitute proper counter-claims, and in, therefore, striking said matters from the answer, and in ordering the case to stand for trial without them. The counter-claims consisted of an alleged specific legacy of $4,000, bequeathed to the defendant by plaintiffs' testator, and of a claim for $30,000, as residuary legatee under the will of said testator. There was no allegation that these legacies had been assented to by the plaintiffs as executors. "In an action by an executor, a legacy bequeathed to the defendant cannot be set off, though the executor has assets to pay the legacy." 2 *Wms. Exors.*, 1700. Besides, a counter-claim to be available must be either a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action, or, where the action is upon contract, any other cause of action arising also on contract and existing at the commencement of the action. Code, section 171.

The counter-claim having been stricken out, and, as we think, properly so, there was nothing left but an ordinary action at law, triable by a jury. There was, therefore, no error in refusing defendant's motion, that the case be referred to the master.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.