## 10801

### FIRST NATIONAL BANK OF CHARLESTON v. THOMAS

#### (110 S. E. 113)

1. ACTION—COMPLAINT ON TWO NOTES, EACH ALLEGED ON IN SEPARATE CAUSE OF ACTION, NOT SUBJECT TO DEMURRER AS UNITING SEVERAL CAUSES OF ACTION.—A complaint, founded on two notes which constituted items of a single cause of action, each of which was alleged in a separate and distinct cause of action, was not subject to demurrer on the ground that several causes of action were improperly united therein, and under Code Civ. Proc. 1912, § 306, the striking out of the demurrer as frivolous, after five days' notice, was not erroneous.

2. APPEAL AND ERROR—REFUSAL TO PERMIT ANSWERING OVER AFTER STRIKING OUT DEMURRER NOT CONSIDERED, WHERE NO MOTION TO ANSWER OVER IS IN RECORD.—An assignment of error for refusal to permit answering over after striking out a demurrer to a complaint as frivolous cannot be considered on appeal, where no motion to be allowed to answer over appears on the record.

Before Bowman, J., Dorchester, July, 1921.    Appeal dismissed.

Action by the First National Bank of Charleston against H. C. Thomas. From order striking out demurrer to the complaint the defendant appeals.

*Mr. R. Lon Weeks* for appellant.    No citations.

*Messrs. Buist & Buist* and *Legare Walker,* for respondent, cite: *Frivolous demurrer:* Code Proc. 1912, Sec. 306; 100 S. C., 196. *No improper joinder:* Code Proc. 1912, Sec. 218. *Default judgment proper where pleading is wholly frivolous:* 6 S. C., 113; 100 S. C., 196. *Motion was to strike out, not to overrule, the demurrer and under Code Proc. 1912, Sec. 223, party not entitled to answer.*

December 19, 1921.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an appeal from an order sustaining a motion to strike out a demurrer to the complaint on the ground that it was frivolous.

This statement appears in the record:

"The complaint was for judgment on two promissory collateral notes given by the appellant to the respondent. Each note was alleged on in a separate and distinct cause of action, separated as follows:    For a first cause of action, one note alleged on and judgment prayed for; for second cause of action, other note alleged on and judgment prayed for."

The grounds of demurrer were as follows:

"That several causes of action therein stated are improperly united and misjoined, in that it fails to appear upon the face of the said complaint that the said causes of action arise out of the same transaction, or transactions connected with the same subject; but, to the contrary, it does appear upon the face of the said complaint that the

several causes of action therein stated are based upon absolutely distinct and separate transactions, without either of said causes of action having any connection with, or relation to, each other in any respect."

The grounds of appeal are as follows:

"(1) That his Honor erred in granting respondent's motion and striking out the demurrer as frivolous, because it appeared upon the face of said demurrer that the same was not frivolous.

"(2) That his Honor erred in granting leave to respondent to enter up judgment by default because said default order was predicated upon the erroneous ruling above excepted to.

"(3) That his Honor erred in granting leave to respondent to enter up judgment by default, because his Honor should have allowed the appellant to answer over."

Section 306 of the Code is as follows:

"If a demurrer, answer, or reply be frivolous, the party prejudiced thereby, upon a previous notice of five days, may apply to a Judge of the Court, either in or out of the Court, for judgment thereon, and judgment may be given accordingly.

The following cases show that the complaint was not subject to demurrer on the ground that several causes of action therein stated were improperly united, for the reason that the two notes constituted items of a single cause of action: *Holland v. Kemp,* 27 S. C., 623; 3 S. E., 83. *Latimer v. Sullivan,* 30 S. C., 111; 8 S. E., 639. *Anderson v. Pilgram,* 30 S. C., 499; 9 S. E., 587; 4 L. R. A., 205; 14 Am. St. Rep., 917. *Threatt v. Mining Co.,* 49 S. C., 95; 26 S. E., 970.

The demurrer was wholly without merit, and therefore the appellant has failed to show that the order striking out the demurrer was prejudicial to his rights.

The case of *Chem. Corp. v. Farmington Corp.,* 100 S. C., 196; 84 S. E., 710, shows that the plaintiff was entitled to judgment on the notes.

The assignment of error that his Honor, the Circuit Judge, should have allowed the defendant to answer over, cannot be sustained, for the reason that it does not appear in the record that he made a motion to that effect.

Appeal dismissed.