13213

NILSON v. DOWLING

(159 S. E., 831)

516

*Mr. W. P. Dowling,* for appellant,

*Mr. Wilton H. Earle,* for respondent.

July 30, 1931.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The complaint in this case alleges that the plaintiff is a contractor in the City of Greenville and in the spring and summer of 1929 did certain work for defendant at his studio in that city, for which defendant was indebted to him in the sum of $352.57; an itemized statement of the work being made part of the complaint. The defenses pleaded were a general denial; that defendant made no contract with plaintiff as alleged, being a mere tenant of the Greenville Hotel Company, the owner of the building, and any work done or materials furnished being done and furnished under a contract between plaintiff and the owner and for the owner's benefit; and that, if the defendant were ever liable for any items as set out in the complaint, he has paid

them in full. He also set up three counterclaims, asking judgment for $2,525.00. The jury found for the plaintiff $156.10; defendant's motion for a new trial being refused, he appeals to this Court.

The appellant, by seven exceptions, complains of error in the refusal of his motion for a new trial, made upon the grounds, in effect, that there was no evidence to support the plaintiff's alleged cause of action, but, on the contrary, the evidence conclusively established the pleaded defenses. These exceptions cannot be considered, for the reason that defendant made no motion for a nonsuit or for a directed verdict, which, under the rule, he should have done if he desired the point raised to be considered by this Court.

Error is also imputed to the trial Court in "ruling out on its own motion" defendant's counterclaims. The record does not disclose upon what ground the ruling was made, but we assume that its basis was that no cause of action was stated. The position of the appellant is that, the plaintiff having failed to demur but having made reply denying the truth of the allegations of the counterclaims, such allegations were put in issue (*Atlantic Phosphate Company v. Sullivan,* 34 S. C., 301, 13 S. E., 539); and that as each of the counterclaims was an action against the plaintiff, the trial Judge had no more authority to strike out any one of them than to strike out a cause of action stated in the complaint (*Latimer v. Sullivan,* 30 S. C., 111, 8 S. E., 639), which, on his own motion, he had no authority to do. If the plaintiff desires to take advantage of a supposed insufficiency of a counterclaim as stating no cause of action, he must do so by demurrer (*Kentucky Refining Co. v. Saluda Oil Mill Co.,* 70 S. C., 89, 48 S. E., 987), or on statutory notice (*Williamson v. Richards,* 158 S. C., 534, 155 S. E., 890); the same rule applying as in case of a similar objection to a complaint. The plaintiff in this case did not raise that objection in any manner, but replied plac-

ing the allegations of the counterclaims in issue. The complaint, answer, and reply constituted the pleadings as they stood at the time the case was called for trial, and the rights of the parties necessarily were to be determined by them as they then stood. *Cooper & Griffin v. Cooke,* 122 S. C., 314, 115 S. E., 312. Of course, after hearing testimony, the Court might have directed a verdict for the plaintiff as to the counterclaims, but he was without authority to strike them out on his own motion.

The appellant also charges the trial Judge with error in "ruling out of evidence the contract, plans and specifications with regard to the building, entered into by Nilson, plaintiff-builder, and the Hotel Company, owner." While we are of opinion that these papers were competent evidence as having a bearing on the question whether the items sued on were covered by the building contract and, therefore, to be paid for by the owner of the building, the exception raising this question is without merit. When the defendant asked Nilson, on cross-examination, about that contract, the Court inquired whether he wanted to offer it in evidence, but he did not reply to the question, and at no time did either party offer to introduce it. As we have repeatedly pointed out, this Court cannot consider a question not raised in the Court below. The further contention that the Court erred "in ruling out evidence as to other items having a pertinent bearing on the action" is too general for consideration.

The Court instructed the jury that if they found that any of the items sued on were embraced in the contract between the plaintiff and the hotel company, they were to strike such items from the account, and in the same connection referred several times to the "original contract"—of which the plans and specifications were part—between the contractor and the owner of the building, without at any time referring to any modifications or changes in such contract that may have been subsequently made between the parties.

The appellant complains that this was error, as it deprived the jury of the right to consider any modification of the "original contract" by the parties thereto—or any subsequent contract—which might have covered some or all of the items sued on by the plaintiff. We think this contention is meritorious. There was some testimony tending to show that none of these items was included in the original plans and specifications; that certain changes and modifications in the plans were made by the owner as the building progressed; and that these items, or some of them, were included in such modifications and represent work done or materials furnished by direction of the owner. Hence, the charge complained of, which excluded from the consideration of the jury such of the items sued on, if any, as represented modifications of the original plans and specifications made by the owner, was prejudicial error.

The judgment of the lower Court is reversed, and the case remanded for a new trial, which will include a proper disposition of the counterclaims.

The defendant's exceptions to the Court's order settling the case for appeal have been carefully considered and are overruled as being without merit.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, CARTER and BONHAM concur.