13400 .

BRICE v. GLENN ET AL.

(164 S. E., 302)

*Messrs. Bomar & Osborne, L. G. Southard, Nicholls, Wyche & Byrnes, J. W. Boyd* and *Lyles & Daniel,* for appellant.

*Messrs. Evans & Galbraith* and *Haynsworth & Haynsworth,* for respondents,

May 3, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent, by order of Court made upon the application of the State Bank Examiner, in January, 1930, was appointed receiver of the Dollar Savings Bank of Spartanburg, which had closed its doors on December 28, 1929. He brings this action in his capacity as receiver to recover of the defendants, as officers and directors of the Dollar Savings Bank, certain sums of money which, he alleges, were lost to the bank of which he is receiver, through their negligence, their active delicts, connivance, and fraudulent misconduct in the particulars set out in the several paragraphs of the complaint, and specifically and separately stated as Items I, II, III, and IV. The defendants demurred to the complaint on the grounds that several causes of action were improperly united in the complaint in violation of Section 430, Vol. 1, Code 1922; because that the complaint on its face fails to state facts sufficient to constitute a cause of action against the defendants, in that it fails to state facts which give rise to a joint cause of action which would warrant a verdict *in solido* against all of them; (3) because that the complaint merely attempts to state in Item I a cause of action against W. S. Glenn, H. B. Carlisle, J. N. Cudd, and J. Wirron Willson, but that it shows on its face that A. D. Cudd and A. T. Sloan were parties to the matters and things alleged against Glenn, Carlisle, Cudd and Willson; (4) the demurrer is jointly and severally directed against the allegations which name Glenn, Carlisle, Cudd, and Willson as the active parties, and do not include A. D. Cudd and A. T. Sloan; "this ground of demurrer being urged in favor of all of the defendants severally, but if not sustainable as to all of the defendants, then particularly in favor of the defendants A. D. Cudd and A. T. Sloan."

The demurrer was heard by Judge Sease, who overruled it in an order which held that there was no misjoinder of causes of action, that there was but one cause of action stated, and that the complaint did state a joint cause of action against all of the defendants in the first item of the

complaint relating to the sum of $90,000.00. From this order the defendants appeal on the grounds stated in seven exceptions, which make four grounds, which are thus stated by appellant's counsel:

(1) "Is this an action at law or suit in equity for an accounting?"

(2) "If it is an action at law does the Complaint improperly join two or more causes of action in tort for damages each arising out of separate transactions, or transactions not connected with the same subject of action, in violation of the Code?"

(3) "If there are several causes of action at law in the Complaint, is there an improper joinder of such cause by reason of the fact that only four of the defendants are interested in, or liable under cause No. 1, whereas all the defendants are charged as liable under the remaining causes, leaving two of the defendants not liable under, or interested in the first cause."

(4) "Incidental to the above, did his Honor err in holding that the Complaint states but one cause of action, with specifications of alleged items, or alleged damages to the Bank; and that the Complaint charges A. D. Cudd and A. T. Sloan with liability under each and all of the transactions set forth, including the one involving an alleged loss of $90,000.00; and holding that there is no misjoinder of actions?"

We shall not consider the exceptions severally, but shall consider all of the issues contained in them as they are above presented by counsel for appellant.

1. Appellants contend that this is an action at law, and that it is demurrable because it has improperly joined several causes of action.

Since the Circuit Judge held that the complaint stated but one cause of action with specifications, and appellants agree that it is an action at law, question No. 1 seems a futile

thing. The defendants made no motion to have the complaint made more definite and certain.

What is the cause of action set out in the complaint? What constitutes a cause of action?

"Every judicial action must involve the following elements: A primary right possessed by plaintiff, and a corresponding primary duty devolving upon the defendant; a delict or wrong done by the defendant which consists in a breach of such primary right, and duty; a remedial right in favor of plaintiff and a remedial duty resting upon defendant, springing from this delict; and finally the remedy or relief itself." Pomeroy's Code Remedies (4th Ed.) § 347. See, also, *Columbia National Bank v. Rizer,* 153 S. C., 55, 150 S. E., 316-320, 68 A. L. R., 443; *Ophuls & Hill v. Carolina Ice & F. Co.,* 160 S. C., 441, 158 S. E., 824; *Hibbett v. Charleston Heights Co.,* 163 S. C., 327, 161 S E., 499, 502.

Analyzed by this definition, what is the cause of action stated in the complaint? It is that the Dollar Savings Bank, of which plaintiff is receiver, and in whose place he stands, entitled to all its rights and remedies, had the right to demand of defendants, as its officers and directors, honest service in its behalf; diligence in the performance of their duty, and faithfully and honestly to prosecute its business, and faithfully and honestly to protect and defend its interests, that in violation of their duties and obligations defendants neglected their duties and by connivance, mismanagement, fraud, and deceit wasted its assets, converted them to their own use and benefit in the particulars set out in the complaint.

The complaint states one cause of action.

Is it an action at law? Appellants complain that the Circuit Judge did not decide this question. We think he sufficiently indicated his opinion that it was an action at law. It is patent that it is an action in tort. It does not seek an accounting; it states specific delicts on the part of defendants

resulting in the loss to the Dollar Savings Bank of specific sums which plaintiff is entitled to recover, together with damages for their tortious, as well as tortuous, actions.

But appellants complain that several causes of action are stated in the complaint; that each item states a separate cause of action. The cause of action is the breach of duty which the defendants owed the bank; their negligence; their wrongful conversion and deflection of the assets of the bank; the "Items" are but the specification of the particulars in which the defendants failed in their duties.

It is significant that defendants made no motion to have the complaint made more definite and certain by having the causes of action stated separately. It is argued by appellant's counsel that the cases upon which the Circuit Judge based his order overruling the demurrer are appropriate only to suits in equity and not to actions at law. We are unable to appreciate the force, or to see the applicability, of this proposition.

Section 430 of the Code of Civil Procedure 1922 is in these words:

"The plaintiff may unite, in the same complaint, several cases of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all arise out of: 1. The same transaction, or transactions connected with the same subject of action."

"The facts disclosed that the separate actions were all pending in the same Court between the same parties and involved substantially the same defense, and that all of them might have been united in one complaint under the provisions of Code Civ. Proc. 1922, § 430." *Byrd v. State Highway Dept.,* 159 S. C., 181, 156 S. E., 454. See, also, *City of Columbia v. Seaboard A. L. Ry. Co.,* 158 S. C., 511, 155 S. E., 841.

What is the subject of action?

"The cause of action has been described as being a legal wrong threatened or committed against the complaining

party: And *the object of the action* is to prevent, or redress the wrong by obtaining some legal relief. *The subject of the action* is, clearly, neither of these; it is not the wrong which gives the plaintiff the right to ask the interposition of the Court; nor is it that which the Court is asked to do for him, *but it must be the matter or thing, differing both from the wrong and the relief, in regard to which the controversy has arisen, concerning which the wrong has been done; and this ordinarily is the property, or the contract and its subject matter, or other thing involved in the dispute."* (Italics added.) Bliss on Code Pleading (3d Ed.), 214.

In our case the subject-matter of the action is the property of the Dollar Savings Bank—its money and other assets—which the complaint alleges have been lost through the negligence, the connivance and fraud, and tortious acts, of the defendants. What difference does it make, then, whether the action be denominated one at law, or a suit in equity?

The doctrine laid down in *Stahn v. Catawba Mills*, 53 S. C., 519, 31 S. E., 498; *Hernlen v. Vandiver*, 145 S. C., 412, 143 S. E., 222; *Stewart v. Ficken*, 159 S. C., 419, 157 S. E., 445, is applicable here. It needs but to cite that doctrine as it is declared in *Stahn v. Catawba Mills, supra*, and ever since recognized and followed in this State.

This was an action against Catawba Mills, its officers and directors, and Chester Mills, charging all of them with negligence and four of them with fraudulent conduct in lending to Chester Mills $20,000.00 when they knew that that mill was in a failing condition. Many allegations of negligence and wrongdoing were set out in the complaint. The plaintiff sought redress for their conduct in the premises which resulted in loss to the mill in which he had stock. There was a demurrer, for that several causes of action had been improperly united; which demurrer was overruled in an order which held: "The Complaint does not attempt to declare on two or more causes of action, it states but a single cause of

action; based on the rights of a stockholder to fidelity and ordinary care on the part of directors in the management and disposition of corporate assets, the duty of directors in that regard, and the alleged delict and wrong whereby, it is said, loss to the stockholder, or corporation, has been sustained."

But there is authority to sustain the complaint in the case here present, as a proper pleading on the law side of the Court.

The case of *Threatt v. Mining Co.*, 49 S. C., 95, 26 S. E., 970, 981, was brought to recover damages for overflowing plaintiff's bottom lands, and other injuries; including damages to the land by overflow; that plaintiff because of the pollution of the waters by deposits therein by defendant could not water his stock at the creek; that he was deprived of the privilege of taking fish from the creek; that he was unable to drain his lands; the loss of the use of two neighborhood roads; that the sickening stench of the creek as it overflowed rendered the atmosphere unpleasant and offensive; that the noxious effluvia from the creek and crushing mill filled the plaintiff's house and made it unpleasant to him and his family.

Plaintiff sought damages and a restraining order.

The jury found for plaintiff. Defendant appealed, and despite the fact that there were 72 exceptions, the Supreme Court reversed the case, but it affirmed that part which relates to the questions we are considering. The second exception was: "Because his Honor erred in overruling the motion of the defendant to require the plaintiff to elect upon which cause of action stated in the Complaint he would rely, and in further holding that the Complaint had stated but one cause of action. * * *"

Mr. Justice Pope, afterwards the Chief Justice of the Court, delivered the unanimous opinion of the Court; saying: "The first and second grounds of appeal are intended to allege error in the refusal of the Circuit Judge to grant

defendant's motion to require the plaintiff to elect which one of the several causes of action set out in the complaint he would go to trial upon. No doubt exists that the Circuit Judge met this issue squarely. He decided that the complaint stated but one cause of action. Was this error? We have reproduced the entire complaint herein, so that its terms may be seen when we pass upon this issue, and this inspection clearly shows that the complaint was drawn to present but a single cause of action. The decisions of our Courts in giving effect to that section of the Code of Procedure which authorizes a complaint to have two or more causes united therein are too emphatic in requiring that each cause of action shall be stated so that it is complete in itself, without the power to draw to the support of its weakness or deficiency, in statement, anything from a different cause of action, to have the same overlooked by a pleader of any experience. However, the intention of the pleader will not govern. After all, it resolves itself into a question of what the complaint actually alleges—whether it was only one or several causes of action. Great care must always be observed to grasp the question, what right of the plaintiff has defendant invaded? No doubt, the profession will recall what obtained in the practice before the case of *Holland v. Kemp*, 27 S. C., 623, 3 S. E., 83, where a man held several notes given by a particular individual. Each note was complained upon as a separate cause of action; but, in the case just cited, it was held that the three notes sued upon by plaintiff really constituted a single cause of action. Likewise, in the case of *Latimer v. Sullivan*, 30 S. C., 111, 8 S. E., 639, where the plaintiff had sued upon seven notes, the defendant insisted that the causes of action (treating each note as a cause of action) were insufficiently stated; but this Court held that such was not the case; that there was but one cause of action involved in the suit for the collection of these seven notes; each note was an item going to make up the cause of action. This may illustrate the case at bar. What the plaintiff

in the case at bar really seeks is to prevent the defendant, through its milling operations, from invading his right of property. The injury to his bottom land is one element in this invasion of his right of property; the injury to his right to water his stock in the stream is another element; the injury to pure air at his home is another element; the injury to his fishing privilege in such stream is another element; the injury to the two neighborhood roads is another element; the injury to his ditches, another element; and the injury to the air he breathes while in his bottom lands is another element. All these elements enter in to complete the alleged wrong to plaintiff by this defendant through his milling operations. The Circuit Judge evidently took this view of the complaint when he overruled this objection to it. We take the same view of this matter, and therefore overrule these two objections."

In the case of *Hibbett v. Charleston Heights Co.,* found in 163 S. C., 327, 161 S. E., 499, 500, the issues made by the appeal are thus stated: "The appeal is from an order of Judge Mauldin * * * overruling a motion of defendants to require the plaintiff to make her complaint more definite and certain by setting up as separate causes of action the cause of action based upon the alleged fraud of H. H. Ficken and the South Carolina Loan & Trust Company. The cause of action for the foreclosure of the mortgage mentioned and described in the complaint, and the cause of action based upon the alleged liability of the Charleston Heights Company."

Defendants also demurred to the complaint for that "several causes of action have been improperly united."

This Court held that:

"The Circuit Judge correctly held that there was but one cause of action—one primary right, one primary wrong. The primary right, as stated in the complaint, was the right of plaintiff and her mother to have their agent, South Carolina Loan & Trust Company, faithfully to execute the trust

reposed in it by them, by safely investing and securing the money intrusted to it for investment. The primary wrong alleged in the complaint is, that South Carolina Loan & Trust Company fraudulently invested $5,000.00 of the money intrusted to it by plaintiff and her mother in a bond which it knew was not worth $1,000.00, and was the beneficiary of its own fraud. * * *

"Here is the South Carolina Loan & Trust Company; here is the Security Savings Bank; here is the Union Corporation; here is the Dariel Corporation; here is the Charleston Heights Company. Each associated in a more or less degree of business intimacy, and through each one of which corporations the transaction denounced as fraudulent took its circuitous way. But first and last they were parties to one fraudulent act, one primary wrong;—one invasion of plaintiff's primary right. From this fraudulent conduct arises one cause of action."

These views dispose of Questions 1 and 2.

A further issue is made by Questions 3 and 4; that there is a misjoinder of causes of action for that A. D. Cudd and A. T. Sloan are not involved or interested in the (1) cause of action for $90,000.00.

It is true that the allegations of Item 1 of the complaint do show that the alleged illegal and fraudulent actions and conduct by which the Dollar Savings Bank lost the $90,000.00 were the acts and doings of W. S. Glenn, J. Wirron Willson, H. B. Carlisle, and J. N. Cudd, and some two or three other persons. It does not need the citation of authorities to sustain the statement that directors are responsible for any loss or damage which comes to the bank through their negligence. If they know of the fraudulent conduct of others and take no steps to prevent it, they are likewise guilty and liable.

"Directors cannot, in justice to those who deal with the bank, shut their eyes to what is going on around them. It is their duty to use ordinary diligence in ascertaining the con-

dition of its business, and to exercise reasonable control and supervision of its officers. They have something more to do than, from time to time, to elect the officers of the bank, and to make declarations of dividends. *That which they ought, by proper diligence, to have known as to the general course of business in the bank, they may be presumed to have known in any contest between the corporation and those who are justified by the circumstances in dealing with its officers upon the basis of that course of business.*" (Italics added.) *Martin v. Webb,* 110 U. S., 7, 3 S. Ct., 428, 433, 28 L. Ed., 49.

The complaint charges that A. D. Cudd and A. T. Sloan were directors of the bank; were guilty of negligence; that W. S. Glenn, J. N. Cudd, J. Wirron Willson and H. B. Carlisle were guilty of the things which culminated in a loss to the bank of $90,000.00. For its purposes the demurrer admits these allegations to be true. Surely they clearly charge W. S. Glenn, H. B. Carlisle, J. Wirron Willson, J. N. Cudd, A. D. Cudd, and A. T. Sloan with a joint liability for the loss which the bank suffered. The plaintiff is entitled to the opportunity to show in Court the truth of the allegations of his complaint anent Item 1. If he fails to do so, the defendants have their remedy by appropriate motion.

We have carefully considered the issues presented by the appeal, and find no error.

The appeal is dismissed, and the order appealed from is affirmed.

Mr. Chief Justice Blease and Messrs. Justices Stabler and Carter and Circuit Judge W. H. Townsend, concur.

Mr. Justice Carter (concurring) : Under the decisions of this Court and the Courts of other jurisdictions, in my opinion, the Cricuit Judge properly overruled defendants' demurrer to the complaint. Whether the allegations of the complaint are true is not now a question for this Court, for, according to the long-recognized rule, for the purpose of

considering and passing upon the merits of the demurrer, the allegations of the complaint must be regarded as true, and the same given a liberal construction. The truth of the allegations of the complaint is to be determined when the proof is introduced and the case is heard on its merits. At that time defendants will, of course. have their day in Court.