18284

John D. HOLLINGSWORTH, doing business as John D. Hollingsworth on Wheels, Respondent, v. Ella Bennett HOLLINGSWORTH, Sarah W. Bennett, Kate Allyn Bennett, Beatrice M. Bennett, Ernest B. Bennett, Clyde E. Bennett, Mrs. Theo T. Kuper and the Penn Mutual Life Insurance Company, of whom Ella Bennett Hollingsworth, Sarah W. Bennett, Kate Allyn Bennett, Beatrice M. Bennett, Ernest B. Bennett, Clyde E. Bennett and Mrs. Theo T. Kuper are Appellants.

(139 S. E. (2d) 742)

*Messrs. Wofford & Snyder,* of Greenville, *for Appellants,*

*Messrs. Leatherwood, Walker, Todd & Mann* and *Robert N. Daniel, Jr.*, of Greenville, *for Respondent,*

December 14, 1964.

TAYLOR, Chief Justice.

This appeal is from the April 18, 1964, Order of the Honorable Louis Rosen denying defendants' motion to require plaintiff to make his complaint more definite and certain by separately stating and numbering the several causes of action alleged to be set forth in the complaint.

Plaintiff instituted this action on January 23, 1964, against the defendants herein to recover money, in excess of $750,-000.00, alleged upon information and belief to have been wrongfully withdrawn from his various bank accounts by the defendant Ella Bennett Hollingsworth, acting alone or

in conspiracy with the remaining defendants, exclusive of the corporate defendant, in a planned course of action. In Paragraph III of his complaint, plaintiff sets out 7 separate transactions by which he alleges he was deprived of his money by the defendant Ella Bennett Hollingsworth, acting alone or in conspiracy with other named individual defendants. Only the defendant Ella Bennett Hollingsworth is alleged to be involved in each of these transactions. Plaintiff seeks, in addition to an injunction *pendente lite* to prevent disposal of the funds or property acquired therefrom, that the property alleged to be in possession of the defendants be subjected to a constructive trust for plaintiff's benefit. Judgment is also sought for sums as may have been dissipated and for an accounting. It is contended by defendants that each of the subparagraphs of III contains a separate cause of action against the defendant Ella Bennett Hollingsworth and the individual defendants named therein.

The Circuit Judge in his Order states:

"The Complaint as I construe it alleges a single primary right; that is, the entitlement of the plaintiff to the possession of the funds deposited in his business bank accounts. The primary wrong of which the plaintiff complains is the alleged unauthorized taking of these funds. The alleged diversion of these funds after their taking to the several defendants is incidental to this primary wrong. The relief sought, the imposition of a trust, necessitates joining as parties the persons now allegedly having possession of the property. I am of the opinion that the plaintiff is entitled in one action to seek to have the funds allegedly wrongfully taken brought back and subjected to a trust in the plaintiff's favor."

Mr. Pomeroy, in his oft cited work on Code Remedies at Sections 347 and 348, says:

"Every judicial action must, therefore, involve the following elements: A primary right possessed by the plaintiff, and a corresponding primary duty devolving upon the

defendant; a delict or wrong done by the defendant which consisted in a breach of such primary right and duty; a remedial right in favor of the plaintiff and a remedial duty resting on the defendant springing from the delict and finally the remedy or relief itself. Every action, however complicated or however simple, must contain these essential elements. Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term, and as it is used in the Codes of the several states * * *. The 'cause of action' as it appears in the complaint when properly pleaded, will therefore always be the facts from which the plaintiff's primary rights and the defendant's corresponding primary duty have arisen, together with the facts which constitute the defendant's delict or act of wrong." See *Brice v. Glenn et al.*, 165 S. C. 509, 164 S. E. 302.

In *Capell v. Shuler et al.*, 105 S. C. 75, 89 S. E. 813, a case in point, the plaintiff alleged that the defendant Shuler wrongfully removed a storehouse and certain personal property from plaintiff's land. It was alleged that Shuler delivered the storehouse to the defendant Rembert and retained possession of the remaining property. From an Order sustaining a demurrer on the ground of misjoinder, the plaintiff appealed; and this Court in reversing the lower Court stated: "The cause of action stated arises out of the same transaction or transactions connected with the same subject of action. The cause of action is against Shuler for wrongful and unlawful taking of plaintiff's property, and other defendants for unlawfully and wrongfully receiving the same and retaining the same from his possession."

In *Brice v. Glenn et al., supra*, 165 S. C. 509, 164 S. E. 302, an action by the receiver of an insolvent bank against its officers and directors, it was alleged that certain sums of money were lost to the bank as a result of the defendants' misconduct over a period of time. The complaint separately stated in several paragraphs, denominated Items I, II, III and IV, the misconduct complained of. The Court stated:

"But appellants complain that several causes of action are stated in the complaint; that each item states a separate cause of action. The cause of action is the breach of duty which the defendants owed the bank; their negligence; their wrongful conversion and deflection of the assets of the bank; the 'Items' are but the specification of the particulars in which the defendants failed in their duties."

In instant case the allegations contained in the subparagraphs of Paragraph III are but the specifications of the particulars in which the defendants are alleged to have breached their primary duty, in that the defendant Hollingsworth wrongfully took and the other individual defendants wrongfully received and refused to return such funds. The allegations of conspiracy between the defendant Hollingsworth and the remaining individual defendants is merely incidental to the cause of action and the relief sought.

We are of opinion that the complaint states only one cause of action in that only one primary right of plaintiff is set forth, *i. e.,* the right to the possession of the funds and the corresponding primary duty of defendants not to wrongfully take or appropriate such funds; that the Order appealed from should be affirmed; and it is so ordered. Affirmed.

MOSS, LEWIS, BUSSEY and BRAILSFORD, JJ., concur.