## 20136

Rosa B. HARTH, Respondent, v. UNITED INSURANCE COMPANY OF AMERICA, Appellant.

(221 S. E. (2d) 102)

*Messrs. Levi, Wittenberg & Abrams,* of Sumter, *for Appellant,*

*Luther M. Lee, Esq.,* of Columbia, *for Respondent,*

4

December 29, 1975.

GREGORY, Justice:

Respondent instituted an action against appellant on August 5, 1974 for fraudulent representation and conversion. Thereafter, on September 23, 1974 respondent served eleven additional complaints identical to the first except as to the dates of the weekly premium collections. Answers were filed to each including a defense of the existence of the August 5th action. This appeal is from a denial of demurrers, motions to dismiss and motions to consolidate interposed to the eleven additional complaints. We reverse, finding but one cause of action involving cumulative damages.

The appellant insurance company issued its policy of insurance on or about February 23, 1970 to Cleveland Roddick with respondent as beneficiary. The policy was issued with the understanding that respondent would pay the premiums and appellant through its agents collected them from her weekly at her home. On or about March 25, 1974 the respondent informed appellant's agent that she did not know the whereabouts of the insured and that she no longer desired to make premium payments on the aforesaid policy. Respondent alleges that at that time the agent represented to her that she should continue to make premium payments and that he would keep the aforesaid policy in force while attempting to locate the insured. She alleges that appellant's agent made twelve weekly collections at her home subsequent to the March 25, 1974 conversion.

The policy in fact lapsed on March 26, 1974. Respondent sued the insurance company in twelve separate actions for fraudulent representation each time the agent came to her home.

All twelve suits here concern the identical insurance contract, parties, and alleged fraudulent representation. There is alleged only one conversation, that taking place on March

25, 1974 in which appellant's agent told respondent to keep up payments and that he would keep the policy in force while attempting to locate the insured. Presumably, the alleged fraudulent representations on subsequent visits to collect premiums are based on this one conversation and failure to advise respondent the policy was not in force. All items of each of the twelve suits are identical as far as we are able to determine from the record except the dates which run consecutively seven days apart.

"[T]he leading principle in a modern system of procedure is the avoidance of a multiplicity of suits, and the settlement in one action of all respective claims of the parties when they are of such nature as to admit of adjustment in one action." *Ripley v. Rodgers,* 213 S. C. 541, 50 S. E. (2d) 575 (1948).

The problem here in implementing this goal is the determination of what constitutes a single cause of action. It was defined in *Brice v. Glenn,* 165 S. C. 509, 164 S. E. 302 (1932) as:

"a primary right possessed by plaintiff, and a corresponding primary duty devolving upon the defendant; a delict or wrong done by the defendant which consists in a breach of such primary right, and duty . . .

" 'The cause of action has been described as being a legal wrong threatened or committed against the complaining party. And the object of the action is to prevent, or redress the wrong by obtaining legal relief. The *subject* of the action is, clearly, neither of these; it is not the wrong which gives the plaintiff the right to ask the interposition of the Court; nor is it that which the Court is asked to do for him, but it must be the matter or thing, differing both from the wrong and the relief, in regard to which the controversy has arisen, concerning which the wrong has been done; and this ordinarily is the property, or the contract and its subject matter, or other thing involved in the dispute.' "

*Brice,* supra, 164 S. E. at 303, 304.

The *primary right* involved here was the respondent's right to have the agent with whom she dealt and his company faithfully carry out their *primary duty* to maintain the policy in force while receiving her money. The *wrong* is the alleged failure of the company and its agent to meet that duty and in taking and retaining the premiums for the twelve weeks described while not maintaining the policy in effect. The separate collections involved here are merely cumulative damages to the respondent concerning the invasion of the same primary right. The *subject* of the twelve actions involves the allegedly wrongful cancellation of a single insurance policy. Although respondent did not sue *ex contractu* on the policy, cancellation of the policy is, nevertheless, the *subject* of the action. The controversy would not have arisen without the existence of the insurance policy.

Despite efforts of the courts at generalization, determining what constitutes a single cause of action especially where there are cumulative damages involved, remains a matter of individual resolution taking into consideration the particular facts and circumstances of each case. It is clear, however, from a reading of the numerous cases on the subject that this Court has adopted a broad view of what constitutes "primary right" or a "cause of action".

An example of one such case is *Brice v. Glenn,* supra, where plaintiff sought recovery in tort against various bank directors for certain sums of money which were lost through negligence, delicts, conversions, etc. It stands to reason, although the facts do not set it out, that these acts had to occur on more than one date. The defendants demurred asserting that there was an improper joining of several causes of action. However, the court took a very broad view that the subject matter of the action was the totality of the property and assets of the bank which had been lost through the various acts of negligence, connivance, fraud and tortious conduct of the defendants; and it did not look to each of the

specific occurrences as a separate invasion of a separate right. See also *Threatt v. Brewer Mining Co.*, 49 S. C. 95, 26 S. E. 970 (1897) and *Holcombe v. Garland and Dinwiddie*, 162 S. C. 379, 160 S. E. 881 (1931).

Although respondent has a right to be free from fraud and each of the agent's trips to collect might contain all the technical elements necessary to constitute a separate invasion of respondent's right, when judicial relief is sought the court must consider alleged wrongs in their factual environment, taking into consideration the totality of circumstances. Nothing is served by allowing respondent to prosecute her action piecemeal, harassing appellant and the courts by maintaining twelve separate suits all identical except dates which run consecutively, seven days apart.

Since respondent has but one cause of action it follows that the first suit bars the subsequent eleven.

Appellant's next contention is that if respondent has only one cause of action based on twelve items of damage, she is barred from claiming any items in the actions instituted subsequent to the first one. We cannot agree. In support of his position appellant cites *Mitchell v. Federal Intermediate Credit Bank*, 165 S. C. 457, 164 S. E. 136 (1932); *Carolina's Joint Stock Land Bank v. McNiel*, 177 S. C. 332, 181 S. E. 21 (1935); *Floyd v. American Employers' Insurance Co.*, 187 S. C. 344, 197 S. E. 385 (1938). All these cases concern attempted piecemeal prosecution of single causes of actions where the first suit had already been concluded at time of institution of the subsequent suits involving matters which should have been adjudicated in the first action. The present twelve actions are here in an interlocutory appeal, the very purpose of which is to ascertain the nature of respondent's claim. We limit her to one cause of action, but we do not preclude her from her first, full bite at the apple. She has not yet had her day in court as did the plaintiffs in the above cases.

Since we have ruled that respondent has but one cause of action, we need not consider appellant's exceptions concerning consolidation.

Lastly, we face the question of whether the exceptions violate Court Rule Number 4, Section 6, and, if so, whether the appeal should be dismissed. In attempting to comply with the requirements of the rule that "each exception must contain within itself a complete assignment of error," appellant labored under the misconception that to combine in one exception a ground asserted by a demurrer with the identical ground asserted in the motion to dismiss would violate the rule. When there is but one proposition of law involved, there need be but one exception, regardless of the number of methods by which it was asserted below. In addition, many of appellant's twelve exceptions which occupy five pages of printed record, are overly long and repetitious. However, because we find important questions raised in this appeal, such questions being presented with abundant clarity, we have chosen not to dismiss the appeal because of violations of the above rule. *Jackson v. Carter*, 128 S. C. 79, 121 S. E. 559 (1924); *FCX Co-op. Serv., Inc. v. Bryant*, 242 S. C. 511, 131 S. E. (2d) 702 (1963).

Accordingly, we reverse and remand for further proceedings consistent with the views herein expressed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.