**Willie F. ALLEN, d/b/a Willie F. Allen Janitorial Service, Appellant,**

v.

**GREENVILLE COUNTY, a Political Subdivision, Appellee.**

No. 82–1798.

United States Court of Appeals, Fourth Circuit.

Argued April 15, 1983.

Decided July 26, 1983.

Rehearing and Rehearing En Banc Denied Oct. 18, 1983.

bargaining unit.

---

**2.** Defendants agreed, before suit was filed, to give the union the names of employees in the

Theo Walker Mitchell, Greenville, S.C. (Fletcher N. Smith, Jr., Columbia, S.C., on brief), for appellant.

Charles Richard Stewart and Joseph H. Earle, Jr., Greenville, S.C., for appellee.

Before HALL and PHILLIPS, Circuit Judges and BRYAN, Senior Circuit Judge.

ALBERT V. BRYAN, Senior Circuit Judge:

Appellant Willie F. Allen[1] contracted with Greenville County, South Carolina to provide janitorial services for certain County buildings for a twelve month period at a stated consideration of $126,000.00. The agreement was terminable at will by either party upon 10 days written notice. He began performance and continued until the County exercised its right of termination and accordingly notified Allen of its intention to bring the contract to a close.

On October 30, 1980 in the Court of Common Pleas of Greenville County, Allen sued the County for breach of the agreement. He pleaded the contract and his full performance of it and the County's enlargement of Allen's obligations beyond the terms of the contract. Additionally, he alleged precontract misrepresentation by the County of the extent and volume of work involved as well as the injustice by the County. Trial of the action resulted in a directed verdict for the County. Allen did not appeal.

In May 1982 Allen sued the County in the United States District Court for South Carolina asserting that the contract had been brought to an end for racially discriminatory reasons, in violation of his civil rights guaranteed by the Constitution of the United States and remediable under the provi-sions of 42 U.S.C. §§ 1981, 1982, 1983 and 1988.

Upon due hearing the Court ruled that the doctrine of *res judicata* barred Allen from litigating under section 1983 because the claim clearly could have been raised in Allen's earlier State court action. The action was then dismissed with prejudice and this appeal followed.

We conclude that the District Court's dismissal was plainly right. There was but a single cause of action—the termination of the agreement. The sole injury for which Allen sought compensation was the allegedly wrongful termination of the contract. The State court had, however, determined that the termination was proper and pursuant to the contract terms. Its judgment of the merits is a finality as to the claim in controversy and forecloses further litigation.

AFFIRMED.

JAMES DICKSON PHILLIPS, Circuit Judge, dissenting:

I respectfully dissent.

The majority concludes that the instant § 1983 action is barred by the prior state court judgment "because the [§ 1983] claim clearly could have been raised in Allen's earlier state court action."

This may reflect an entirely correct application of the modern "transactional" approach to determining the scope of claims, hence the claim-preclusive effect of prior judgments under *res judicata* principles, *see Restatement (Second) of Judgments* § 24 & comment *a* (1982). But it does not accurately reflect my reading of South Carolina *res judicata* law, which 28 U.S.C. § 1738 mandates must control our determination of the preclusive effect of the prior state court judgment. *See Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982).

By my reading, South Carolina has traditionally and still applies the classically more narrow view of the scope of a claim or cause of action for *res judicata* (bar or merger) purposes. Under that view, succes-

---

1. D/b/a Willie F. Allen Janitorial Service.

sive claims are the "same" claim for *res judicata* purposes only: "[i]f the same facts or evidence would sustain both," *Griggs v. Griggs,* 214 S.C. 177, 184, 51 S.E.2d 622, 626 (1949); and if both involve the same primary right of the plaintiff and duty of the defendant, *see Harth v. United Insurance Co. of America,* 266 S.C. 1, 221 S.E.2d 102 (1975). *See generally* Stewart, *Res Judicata and Collateral Estoppel in South Carolina,* 28 S.C.L.Rev. 451, 453–61 (1977).

Applying either test, I think it plain that Allen's § 1983 claim would not be barred by the prior judgment on his contract claim. The facts necessary to proving his allegation that he was terminated for racially discriminatory reasons surely differ from the facts needed to show a breach of contract not even addressed to the question of Allen's termination. Moreover, these two actions do not involve the same primary right and duty. *Cf.* Stewart, *supra,* at 458 ("a defendant may be sued separately for damages resulting from the wrongful death of plaintiff's deceased and for injuries to the deceased under a survival statute").

I would reverse the district court and remand for proceedings on the merits of Allen's claim.