15388

GRIGGS v. GRIGGS

19 S. E. (2d), 477

April, 1941.

*Mr. John D. Nock,* of Cheraw, and *Mr. Ç. B. Ruffin,* of Hartsville, for appellant-respondent,

*Mr. James E. Leppard,* of Chesterfield, and *Mr. D. Carl Cook,* of Hartsville, for respondent-appellant,

Counsel for appellant-respondent, in reply brief,

March 11, 1942.

*Per curiam.*

We have assiduously studied the record in this case, and in the hope that under the governing principles of law, we could reach a satisfactory conclusion, but find that we are in the same position as was the Circuit Judge when he stated in his decree: "It has been impossible for me to determine the truth in this matter as both sides seem to be rather ready to swear to anything. * * *" He thereupon undertook to give to plaintiff a life estate in the real property in dispute, and remainder over in fee to the defendant, something he could not do either under the pleadings or the testimony even if full credence be given to the testimony on behalf of plaintiff. Under her claim, she is entitled to have it decreed that either she is the owner of the land in dispute

in fee, free of any claim by defendant, or that she has no interest whatsoever in same.

Both the plaintiff and the defendant having appealed from the decree of Judge Dennis, we will, as above, continue to refer to them in that way as it will be less confusing.

The plaintiff commenced her action on February 27, 1936, whereby she claimed that on August 30, 1927, she was seized and possessed, in fee, of a tract of land containing one hundred and forty-one and 50/100 (141.50) acres, more of less, situate in Chesterfield County, South Carolina; and that being such owner and so possessed thereof, by her certain deed dated on said day, conveyed this land to defendant on the condition that he, his heirs and assigns, should furnish to her maintenance and support for the remainder of her life; and that if the defendant, his heirs and assigns, should fail in the performance of such condition, that then and in such event, the title to the land so conveyed should revert to her. She further alleged that the condition attached to the deed had been breached, and that she had therefore entered in and upon the premises and had taken possession thereof, "and has been, since such entry, seized and possessed of the said premises." Further, that notwithstanding the foregoing, the defendant continued to claim the ownership of the said premises by virtue of said deed, and has wrongfully and with force entered into and upon said premises, committing various acts of ownership, "and has threatened and continues to threaten to forcibly remove plaintiff from the said premises."

The answer of defendant was in effect a general denial, and a plea that he and his predecessors in title were seized in fee simple of the tract of land described in the complaint by virtue of deeds for same beginning with deed from David C. Griggs to C. Q. V. Griggs (C. Q. V. Griggs and Victoria Griggs, the plaintiff, are one and the same) of date January 11, 1896, and recorded on January 13, 1896; by deed from plaintiff to Dr. J. W. Williamson, dated Septem-

ber 18, 1905, recorded October 11, 1905; by deed from the heirs at law of Dr. Williamson to Bright Williamson of date March 12, 1926, and duly recorded; and by deed from Bright Williamson to defendant of date October 30, 1926, and recorded November 11, 1926. The defendant further alleges that since the plaintiff conveyed the land involved in this action to Dr. J. W. Williamson in fee simple, with general warranty, in the year 1905, she is estopped from asserting any claim in said land; and that upon defendent purchasing said land from Bright Williamson in October, 1926, he entered into the possession thereof and has continuously remained in the quiet and peaceable possession thereof as owner in fee until "recently when plaintiff unlawfully and maliciously interfered with plaintiff's possession * * *."

By consent the cause was referred to the Master in Equity for Chesterfield County to take the testimony and report his findings of fact and conclusions of law.

The Master held two references, at which considerable testimony was taken, and there was admitted in evidence the following deeds, all conveying the property in question:

David C. Griggs to C. Q. V. Griggs (plaintiff), of date January 11, 1896.

C. Q. V. Griggs (plaintiff) to Dr. J. W. Williamson (in fee and several warranty) of date 18th of ........., 1905, recorded October 11, 1905.

Sallie E. Byrd et al. (heirs at law of Dr. Williamson) to Bright Williamson, of date March 12, 1926.

Bright Williamson to S. J. Griggs (the defendant) of date October 30, 1926.

Victoria Griggs (plaintiff) to S. J. Griggs (defendant) of date August 30, 1927, containing the condition following: "Provided, nevertheless, and upon condition, that the said S. J. Griggs, his heirs and assigns, shall furnish me maintenance and support for the remainder of my life and to that end and to secure the performance of this covenant to the title to the above mentioned and described premises

shall revest in me upon breach of this covenant and condition."

It is probably unnecessary to state that the plaintiff introduced in evidence the first and last deeds above enumerated, and the defendant the others.

It will be observed that at the time the plaintiff conveyed to the defendant this land containing the condition as set out above, the defendant had a perfect paper title, and the plaintiff had no interest to convey. For the years 1898 through 1905, the taxes thereon were paid in the name of plaintiff, but she has not paid the taxes, nor has the land been returned for taxes in her name since 1905. Thereafter the taxes were paid in the name of Dr. J. W. Williamsòn, and his estate, until in 1927, since which time the property has been returned in the name of the defendant and paid in his name through the year 1938.

The plaintiff has continuously resided on the land from 1898, to the time of the taking of testimony at the references held in 1940, but the testimony regarding the character of her occupancy is at such great variance, and so conflicting that it is impossible for us to arrive at the truth. Such being the situation, we are bound by a principle of law recognized in *Love v. Turner,* 78 S. C., 513, 59 S. E., 529, 532, that: "By the execution and delivery of a deed of land, the entire legal interest in the premises vests in the grantee, and, if the grantor continues in possession afterward, his possession will be that either of tenant or trustee of the grantee. He will be regarded as holding the premises in subserviency to the grantee, and nothing short of an explicit disclaimer of such relation, and a notorious assertion of right in himself, will be sufficient to change the character of his possession, and render it adverse to the grantee."

There is another principle of law to which this Court has given sanction as far back as the case of *Brown v. Moore,* 26 S. C., 160, 164, 2 S. E., 9, 11, wherein

it is stated: "* * * Ordinarily in a land case, the plaintiff must make out a complete title, and must recover upon the strength of that title, and not upon the weakness of the title of his adversary, and there is no onus whatever upon the defendant. He may fold his arms, and await the complete title of the plaintiff, in default of which his possession cannot be disturbed. Where, however, both parties claim from a common source, the case will turn in favor of the one having the superior title. * * *"

It will not be questioned that "no deed can operate so as to convey an interest which the grantor does not have in the land described in the deed or so as to convey a greater estate or interest than grantor has, even though by its terms it may propose to do so."

There is no evidence in the record that plaintiff ever reacquired the title to the land in dispute, but she undertook to circumvent this by claiming, and introducing testimony of a most questionable character, that her deed to Dr. Williamson was obtained through fraud in that it was procured from her by her physician, Dr. Williamson, while she was in an unconscious condition.

The Master, in his report, very properly stated that "fraud is not presumed and must be proven by evidence that is clear, cogent and convincing;" and he further stated in his findings of fact: "Having heard the witnesses and considered the testimony in the matter, I find the plaintiff has failed to satisfactorily prove fraud in connection with the deed to Dr. Williamson, and the plaintiff has failed to prove that the title is in her to the premises in question."

With this finding of fact we are in accord.

But it is the further contention on the part of plaintiff that at the time the defendant purchased this land from Bright Williamson, he was fully informed of her claim that the deed to Dr. Williamson had been procured by fraud and that in fact plaintiff was the owner in fee of the land; and that with this knowledge he entered into the contract with her represented by the terms of the deed he accepted from

her, and is therefore bound by it. All of this was denied by defendant, and there is no convincing testimony that the defendant was more than atmospherically present when the deed was prepared at the instance of the plaintiff. The plaintiff testified that during all the nine years that the defendant was in the quiet and peaceable possession of this land, he did not furnish her any support, but cultivated some of the land as her sharecropper. This also was denied by defendant. In fact, the testimony is conflicting on all issues of fact attempted to be raised. The Master in Equity in passing upon this last contention of the plaintiff had this to say: "Plaintiff has offered as part of her evidence a deed by her to the defendant given in 1927, which is conditioned upon the support and maintenance of the grantor to the grantee, his heirs and assigns. Plaintiff now claims as a basis for her action a breach of the condition of this deed, and as a result thereof she has taken possession of the premises. Plaintiff testifies that defendant agreed to the condition set forth in said deed, and that said condition was the consideration supporting the same. Defendant testifies he never agreed to any such condition, and did not know said instrument was a deed until this action was brought. He cannot read nor write. He says this paper was given to him with the request that he have it recorded; that plaintiff had expressed a desire to have some paper fixed up to show why she was living on defendant's place, because the deputy sheriff of Chesterfield County had as a result of some report called upon plaintiff to find out how she was living with the defendant. Defendant says that he was not interested himself in such a paper and told plaintiff she could have fixed whatever she pleased, that he had bought the property and paid for it, and he had a right to keep anyone he might desire on said premises or words to that effect. The result of this was the deed containing the aforesaid condition. Plaintiff testified that the defendant was not present when the said deed was prepared, and she further testified that she was persuaded to go to Mr. Miller's office by her sister Mary to have the said instrument pre-

pared. Plaintiff knew that defendant had bought the property from Mr. Bright Williamson, which was done with her sanction, approval, and even by her solicitation, so defendant testified, for fear that she would have to move since the death of Dr. Williamson and the property had gone into other hands. Defendant told plaintiff that she could remain on the place so long as they could get along together, that he did need some one on the place to look after and take care of what he had there, but he did not need the house, that he would farm the place from his home. Plaintiff denies this, but the denial is not impressive in face of the facts and circumstances. It is evidenced by disinterested parties that the plaintiff and defendant were the closest friends, wherever you would see one, you would most likely see the other. This relationship continued for practically ten years, and just prior to the bringing of this action. * * *"

It would be a dangerous precedent to declare that a deed absolute on its face, and of such long standing as the one from plaintiff to Dr. Williamson, was fraudulently obtained on testimony of the character here; and aside from the circumstance that it is impossible to determine the truth from the evidence, having held that the deed from plaintiff to Dr. Williamson was a valid instrument, the plaintiff had no interest in this land when she attempted to convey it to defendant on the condition contained in the deed, and therefore there was no consideration therefor.

The judgment of the Circuit Court is reversed, and the title to the land in question is hereby declared to be in the defendant in fee simple.

Mr. Chief Justice Bonham, Messrs. Associate Justices Baker, Fishburne and Stukes, and Circuit Judge Wm. H. Grimball, Acting Associate Justice, concur.