1965

Florence Ann FORAN and Dawn Marie Foran, as Personal Representatives of the Estate of Florence A. Foran, Appellants v. USAA CASUALTY INSURANCE COMPANY, Respondent.

(427 S.E. (2d) 918)

Court of Appeals

*Jeffrey T. Eddy* and *A. Hoyt Rowell*, both of *Ness, Motley, Loadholt, Richardson & Poole,* Charleston, and *Richard C. Bell*, Mt. Pleasant, *for appellants.*

*Stephen F. DeAntonio* and *Stephen P. Groves*, of *Young, Clement, Rivers & Tisdale,* Charleston, *for respondent.*

Heard Jan. 18, 1993.

Decided March 1, 1993.

GOOLSBY, Judge:

This is an action for a declaratory judgment in which Florence Ann Foran and Dawn Marie Foran, as the personal representatives of the estate of Florence A. Foran, seek reformation of an insurance policy issued by USAA Casualty Insur-

ance Company to include underinsured motorist ("UIM") coverage. The trial court granted USAA summary judgment, holding that principles of *res judicata* barred the Forans' claim. The Forans appeal. We affirm.

On February 19, 1988, Florence A. Foran, an insured of USAA, died as a result of injuries she received when the automobile in which she was riding as a passenger and which was being driven by Eugene M. Martin crossed over the center line and crashed head-on into another automobile. Her personal representatives later brought suit against Martin; however, they settled with Martin for $50,000, the limit of Martin's policy. After securing an order on September 19, 1988, from the probate court approving the settlement, the personal representatives gave Martin a full release.

The personal representatives then brought a declaratory judgment action against USAA to reform the USAA policy to include UIM coverage, claiming USAA had not made an effective offer of UIM coverage to their decedent. The trial court, however, granted USAA summary judgment based on USAA's affirmative defense that the personal representatives were no longer "legally entitled to recover" for the at-fault driver, Martin, because the personal representatives had released the at-fault driver and, therefore, any right that they had to UIM coverage "[had been] rendered a legal impossibility."

The personal representatives neither appealed the trial court's order nor sought to amend it in any way. Instead, they persuaded Martin to agree to cancel and declare the release that the personal representatives had given him "null and void" and to accept a covenant not to execute in its place. They then went back to the probate court where on February 14, 1990, they secured an order abrogating its prior order and authorizing the personal representatives to accept Martin's settlement offer and to give him a covenant not to execute.

This action followed.

We agree with the trial court that the trial court's prior judgment represented by the trial court's unappealed and unamended first order bars the instant action because of the principles of *res judicata*.

Under the doctrine of *res judicata*, a final judgment on the merits in a prior action will conclude the parties and their privies in a second action based on the same

claim as to the issues actually litigated and as to issues that might have been litigated in the first action. *Hilton Head Ctr. of South Carolina, Inc. v. Public Serv. Comm'n*, 294 S.C. 9, 362 S.E. (2d) 176 (1987); *Beall v. Doe*, 281 S.C. 363, 315 S.E. (2d) 186 (Ct. App. 1984).

Here, the personal representatives sought to litigate against USAA in prior action the question of whether a declaratory judgment should be granted and USAA's insurance contract with the decedent reformed so as to include UIM coverage on the ground USAA failed to make an effective offer of UIM coverage to the decedent. The personal representatives' second action sought to litigate with USAA the exact same claim, based as it was on the same operative facts.

The trial court's grant to USAA of summary judgment in the first action was on the merits. The trial court did not go off "on any preliminary, subsidiary, or technical plea or objection." 50 C.J.S. *Judgments* § 627, at 53 (1947). Rather, the trial court based its judgment on an affirmative defense that put into issue the respective rights and liabilities of the parties. *Id.* at 52. As a result of the trial court's grant of summary judgment to USAA, the personal representatives failed to obtained a declaratory judgment and a reformation of the insurance contract. The trial court's judgment, therefore, effectively determined which party was right as to the disputed claim. 46 Am. Jur. (2d) *Judgments* § 478, at 642 (1969).

The fact that USAA prevailed in the prior action on an affirmative defense without the trial court's addressing the precise issue of whether USAA made an effective offer of UIM coverage to the decedent does not mean that the prior action was not decided, as the personal representatives suggest, on its merits. *See McCrocklin v. Fowler*, 411 F. (2d) 580 (7th Cir. 1969) (holding that *res judicata* barred a suit because of an earlier grant of summary judgment on the grounds of statute of limitations and laches). The trial court's grant of summary judgment to USAA completely disposed of the underlying cause of action asserted by the personal representatives against USAA and thus was on the merits. *See Weston Funding Corp. v. Lafayette Towers, Inc.*, 550 F. (2d) 710, 713 (2d Cir. 1977) ("The general rule under the traditional terminology is that a judgment is on the merits if it completely disposes of the underlying cause of action.").

The personal representatives rely on the case of *Moseley v. Welch*, 218 S.C. 242, 62 S.E. (2d) 313 (1950), to support their contention that subsequent events created a new legal situation that altered the legal rights or relations of the parties and that, therefore, the prior judgment could not operate to bar the second action because of *res judicata* principles. The *Moseley* case does not aid the personal representatives. In fact, *Moseley* supports USAA.

The court states in *Moseley*, quoting *American Jurisprudence*, " 'that a judgment is not *res judicata* as to rights which wee not in existence at the time of the rendition of the judgment.' " 218 S.C. at 254, 62 S. E. (2d) at 319. Here, the rights asserted by the personal representatives, the rights to bring an action against the at-fault driver for his tortious conduct and to bring an action against USAA to reform the policy in question to include UIM coverage, were in existence at the time of the rendition of the judgment in the first action; but these rights had been surrendered by the personal representatives when they, with probate court approval, executed and delivered to the at-fault driver a full and final release. Unlike the rights asserted in *Moseley*, the rights that the personal representatives now seek to assert are not new but are rights that had existed when the judgment was rendered in the first action.

Affirmed.

CURETON, JJ., and LITTLEJOHN, Acting Judge, concur.