THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Kenneth L. Amerson, Personal Representative of the Estate of Sallie Louise A. Newsome,
Appellant,
v.
Gena Phillips Ervin, as Personal Representative of the Estate of Harley A. Newsome; Christine N.
Tolson, Individually and as Conservator for Sallie Louise A. Newsome, deceased; Cely Baker Reynolds, as Guardian ad Litem for Sallie Louise A. Newsome, deceased; John H. Newsome, Sr.; and John H. Newsome Jr.,
Defendants,
Of Whom Christine N. Tolson, John H. Newsome, Sr., and John H. Newsome Jr. are the
Respondents.
 
 
 

Appeal From Darlington County
 J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No.  2006-UP-044
Submitted December 1, 2005  Filed January 18, 2006 

AFFIRMED

 
 
 
Walter B. Todd, Jr. and J. Derrick Jackson, both of Columbia, for Appellant.
David Craig Brown, R. Wayne Byrd,and Julie J. Moose, all of Florence, for Respondents.
 
 
 

PER CURIAM:  Kenneth Amerson, personal representative of Sallie Louise A. Newsomes estate, contends the trial court erred in granting summary judgment on his claims for constructive trust and civil conspiracy as well as on his claim to set aside deeds against John H. Newsome, Sr. and John H. Newsome, Jr.  In addition, Amerson appeals the dismissal with prejudice of his claims against the remaining defendants for a constructive trust and to set aside the deeds.  We affirm.[1]  
FACTS
On September 1, 1998, Harley Newsome (Harley) died testate.  Harley was survived by his wife Sallie Newsome (Sallie).  Harleys will named Sallie as his sole beneficiary and the executrix of his estate. However, Sallie was suffering from Alzheimers disease and was placed in a nursing home immediately following Harleys death.  Gena Phillips Ervin, an attorney, was appointed personal representative of the estate.  Christine Tolson, Harleys sister, was appointed as conservator for Sallie.  Cely Baker Reynolds, also an attorney, was appointed as attorney and guardian ad litem for Sallie.  
On January 12, 1999, Ervin filed a petition for the sale of three parcels of real property to John H. Newsome, Sr. and John H. Newsome, Jr. (the Newsomes) and Tolson.  The petition stated Sallie was in a nursing home, and she would need the proceeds from the sale to provide for her continuing welfare and needs.  The petition was supported by an appraisal by Everett Johnson Realty valuing the property as farmland for a value of $88,800.  Sallie, through Tolson and Reynolds, was served with notice of the petition and filed answers making no objections to the sale of the property.  On January 14, 1999, the Honorable Marvin I. Lawson issued an order for the sale of real property (the January 14, 1999 Order) stating it is in the best interests of the Estate of Harley and Sallie Newsome to sell the real property.  
On March 8, 1999, Sallie died without a will, leaving one sister, nieces, and nephews as her intestate heirs.  Kenneth L. Amerson, the spouse of one of Sallies nieces, was appointed as personal representative of Sallies estate.  Upon learning of the previous sale of the property, Amerson had the property reappraised by Robert Christopher who valued the property as commercial land for a value of $263,200.  On September 30, 1999, Amerson filed a Rule 60(b) motion seeking to set aside the January 14, 1999 Order on the grounds the final judgment of the probate court was based on mistake and misrepresentation.  The Newsomes then filed a motion to intervene, which was subsequently granted.   
On August 16, 2000, a hearing was held, and Judge Lawson entered an order (the October 4, 2000 Order) denying the Rule 60(b) motion on the ground that no mistake or misrepresentation existed which would warrant setting aside the January 14, 1999 Order. Amerson appealed this order to the circuit court stating the following grounds:  

1.  The probate court committed an error of law in failing to recognize and rule on the alleged conflict of interest and breach of the duty of loyalty from the estate and devised to Sallie for less than fair market value. 
2.  The probate court committed an error of law in failing to consider whether the interests of Sallie were properly represented in the sale of the properties. 
3.  The probate court committed an error of law in ignoring an established misrepresentation concerning fair market value of the properties. 
4.  The probate court committed an error of fact in concluding the properties were not undervalued. 
5.  The probate court committed an error of law and fact in concluding the sale of the properties was in the best interests of Sallie.  

On August 20, 2001 the Honorable Ernest Kinard entered an order (the August 20, 2001 Order), affirming the probate courts order.  This court subsequently affirmed the circuit courts order. In the Matter of the Estate of Newsome v. Amerson,   Op. No. 2003-UP-475 (S.C. Ct. App. filed July 30, 2003).  
Amerson commenced this action on April 22, 2002 against the various defendants.  The causes of action alleged against the Newsomes included constructive trust, civil conspiracy, and an equitable action to set aside the deeds.  The Newsomes filed a motion to dismiss pursuant to Rule 12(b)(6), SCRCP, or in the alternative for summary judgment pursuant to Rule 56, SCRCP.  
The trial court granted summary judgment to the Newsomes as to all causes of action.  Further, it dismissed with prejudice the causes of action for constructive trust and to set aside deeds as to all defendants.  Amersons first three causes of action against the other defendants were unaffected by the order.  The trial court gave numerous reasons for its conclusion, including the following:  the case is barred due to a previous Rule 60(b) motion which was denied; barred as Amerson cannot establish the elements of an independent action; barred as a collateral attack of the probate order; barred by the doctrines of res judicata and collateral estoppel; barred as extrinsic fraud cannot be alleged; and finally, barred as untimely.  This appeal followed.  
STANDARD OF REVIEW 
When reviewing the grant of a summary judgment motion, appellate courts apply the same standard which governs the trial court under Rule 56(c), SCRCP, which states that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56(c), SCRCP; Helms Realty, Inc. v. Gibson-Wall Co., 363 S.C. 334, 340, 611 S.E.2d 485, 488 (2005).  On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below.  Willis v. Wu, 362 S.C. 146, 150-51, 607 S.E.2d 63, 65 (2004); see also Schmidt v. Courtney, 357 S.C. 310, 317, 592 S.E.2d 326, 330 (Ct. App. 2003) (stating all ambiguities,
conclusions, and inferences arising from the evidence must be construed most strongly against the moving party).
Additionally, under Rule 12(b)(6), SCRCP, a defendant may make a motion to dismiss based upon the plaintiffs failure to state a claim constituting a cause of action. Baird v. Charleston County, 333 S.C. 519, 527, 511 S.E.2d 69, 73 (1999).  The trial judge may dismiss the claim if the defendant demonstrates the plaintiff has failed to state facts sufficient to constitute a cause of action in the pleadings filed with the court.  Williams v. Condon, 347 S.C. 227, 232-33, 553 S.E.2d 496, 499 (Ct. App. 2001) (quoting Rule 12(b)(6), SCRCP).  When considering the motion to dismiss for failure to state a claim, the trial court must base its ruling solely upon the allegations made on the face of the complaint.  Baird, at 527, 511 S.E.2d at 73; Stiles v. Onorato, 318 S.C. 297, 300, 457 S.E.2d 601, 602-03 (1995).  If inferences drawn from the facts alleged on the complaint would entitle the plaintiff to relief on any theory, then the
grant of a motion to dismiss for failure to state a claim is improper.  Brown v. Leverette, 291 S.C. 364, 366, 353 S.E.2d 697, 698 (1987); McCormick v. England, 328 S.C. 627, 632-33, 494 S.E.2d 431, 433 (Ct. App. 1997).  The facts and inferences alleged in the complaint are viewed in the light most favorable to the plaintiff.  Toussaint v. Ham, 292 S.C. 415, 416, 357 S.E.2d 8, 9 (1987); Cowart v. Poore, 337 S.C. 359, 364, 523 S.E.2d 182, 184-85 (Ct. App. 1999).  
LAW/ANALYSIS
I.  Grant of Summary Judgment and Dismissal with Prejudice 
Amerson contends the trial court erred in granting summary judgment to the Newsomes and in dismissing with prejudice the causes of action for constructive trust and to set aside deeds as to all defendants.  We disagree.  
 The doctrine of res adjudicata (or res judicata) in the strict sense of that time-honored Latin phrase had its origin in the principle that it is in the public interest that there should be an end of litigation and that no one should be twice sued for the same cause of action. First Natl Bank v. United States Fid. & Guar. Co., 207 S.C. 15, 24, 35 S.E.2d 47, 56
(1945). Under this doctrine, a final judgment on the merits in a prior action will conclude the parties and their privies in a second action based on the same claim as to the issues actually litigated and as to issues that might have been litigated in the first action. Sub-Zero Freezer Co. v. R.J. Clarkson Co., 308 S.C. 188, 190-91, 417 S.E.2d 569, 571 (1992); Foran v. USAA Cas. Ins. Co., 311 S.C. 189, 190-91, 427 S.E.2d 918, 919 (Ct. App. 1993).
The doctrine provides that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of the rights, questions, and facts in issue as to the parties and their privies.  Griggs v. Griggs, 214 S.C. 177, 185, 51 S.E.2d 622, 627-28 (1949).  If the rights asserted in the second action existed at the time when the judgment was entered in the first action, res judicata will operate as a bar to the second action.  Plum Creek Dev. Co. v. City of Conway, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999).  
Furthermore, res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between these parties.  Id. at 34, 512 S.E.2d at 109; Rogers v. Kunja Knitting Mills, U.S.A., 336 S.C. 533, 537, 520 S.E.2d 815, 817 (Ct. App. 1999).  Res judicata prevents a litigant from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit. Hilton Head Ctr. of South Carolina, Inc. v. Pub. Serv. Commn of South Carolina, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987). Res judicata is the branch of the law that defines the effect a valid judgment may have on subsequent litigation between the same parties and their privies.  Res judicata
ends litigation, promotes judicial economy and avoids the harassment of relitigation of the same issues. James F. Flanagan, South Carolina Civil Procedure 642 (2d ed. 1996).
To establish res judicata, the defendant must prove three elements: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit. Sealy v. Dodge, 289 S.C. 543, 545, 347 S.E.2d 504, 505 (1986); Rogers, 336 S.C. at 537, 520 S.E.2d at 817; Owenby v. Owens Corning Fiberglas, 313 S.C. 181, 183, 437 S.E.2d 130, 131 (Ct. App. 1993); see also Nunnery v. Brantley Constr. Co., 289 S.C. 205, 209, 345 S.E.2d 740, 742-43 (Ct. App. 1986) (stating the following elements must be shown in order to establish the plea of res judicata: (1) The parties must be the same or their privies; (2) the subject matter must be the same; and (3) while generally the precise point must be ruled upon, yet where the parties are the same or are in privity the judgment is an absolute bar not only of what was decided but of what might have been decided). Even when the defendant meets all of the required elements, res judicata
will not be applied where it will contravene other important public policies; the courts must weigh the competing public policies. Johns v. Johns, 309 S.C. 199, 203, 420 S.E.2d 856, 859 (Ct. App. 1992). 
Additionally, [f]or a judgment to bar the maintenance of a subsequent action, there must be identity of the cause of action as well as
identity of the subject matter. Nunnery, at 209, 345 S.E.2d at 743. If it is doubtful whether a second action is for the same cause of action as the first, the test generally applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both. Griggs, at 185, 51 S.E.2d at 627-28 (1949). When applying the principle of res judicata, a fundamental test used for comparing causes of action is to determine whether the primary right and duty and the wrong are the same in each action. Nunnery, at 209, 345 S.E.2d at 743.
The instant action comes on the heels of a previous Rule 60(b), SCRCP motion in the probate court to set aside the sale of real property on the grounds of mistake or misrepresentation.  The probate court denied Amersons motion, the circuit court affirmed, and this court later affirmed.  In the Matter of the Estate of Newsome v. Amerson,   Op. No. 2003-UP-475 (S.C. Ct. App. filed July 30, 2003).  In that initial appeal, Amerson contended the probate court erred in denying his Rule 60(b) motion because the sale price was so far below the fair market value that it shocked the conscience, and Amerson also argued that breaches of fiduciary duty by Tolson, Ervin, and Reynolds required invalidation of the sale.  Amerson now seeks to circumvent the previous rulings with this action. 
In this case, the identities of the parties are the same as in the first action, the subject matter is the same, the factual and legal issues are the same, the alleged bases for the plaintiffs claims as to the Newsomes are the same, and there was a prior adjudication of the same issues by a court of competent jurisdiction.  Amerson is barred from pursuing any clams for civil conspiracy as to the Newsomes and any claims for constructive trust and to set aside the deeds as to all defendants because the claims were previously litigated or could have been litigated in his original Rule 60(b) motion.[2]  These claims are barred by res judicata, and the grant of summary judgment and order of dismissal with prejudice should be affirmed.[3]         
II. Civil Conspiracy Claim 
Amerson contends the trial judge erred in granting summary judgment to the Newsomes for the civil conspiracy claim, while allowing him to proceed on the claim against all other defendants.  We disagree.  
A civil conspiracy is a combination of two or more persons joining for the purpose of injuring the plaintiff and causing special damage to the plaintiff. Yaeger v. Murphy, 291 S.C. 485, 487, 354 S.E.2d 393, 394 (Ct. App. 1987).  The October 4, 2000 Order denying the Rule 60(b) motion conclusively determined there was no plan or conspiracy on the part of Tolson and the Newsomes to purchase the property below market value. The probate court acknowledged that the gravamen of Amersons complaint was a plan or conspiracy on the part of Tolson and the Newsomes to purchase the property at below market value.   The probate court went on to state the reasons why such a notion was unsubstantiated and ends with the statement that I find that there exists in this matter no mistake or misrepresentation that would warrant setting aside the order for the sale of the property.  
For the reasons applicable to the causes of action for constructive trust and to set aside deeds, i.e. res judicata, Amersons civil conspiracy cause of action as to the Newsomes must be dismissed.  Amerson asserts the same facts and acts in support of the civil conspiracy and other causes of action against the Newsomes.  Though it is unclear why the trial court maintained the civil conspiracy cause of action for the other defendants, the grant of summary judgment to the Newsomes does not preclude Amerson from pursuing the claim against the other defendants.  There is no genuine issue of material fact, and the Newsomes are entitled to summary judgment.[4]  
CONCLUSION
Based upon the foregoing, the trial courts order is
 AFFIRMED.
HEARN, C.J., and HUFF and BEATTY, JJ. concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] This conclusion is only bolstered by Amersons admission in his brief that the previous appeal, had it been reversed, would have made this case moot.  
[3] Although the doctrines of res judicata and collateral estoppel do not bar a collateral attack of a judgment based on extrinsic fraud, we note that only intrinsic fraud is alleged in this case.  Evans v. Gunter, 294 S.C. 525, 529, 366 S.E.2d 44, 46 (Ct. App. 1988).  Extrinsic fraud is collateral or external to the trial of the matter, while intrinsic fraud goes to the merits of the proceeding.  In this case, Amerson alleges a conspiracy between the other parties to defraud Sallie and her heirs.  This goes to the heart of the property matter and was fully presented and considered in the previous Rule 60(b) motion.  Furthermore, because the alleged actions were based on intrinsic fraud, they are barred because they were filed after January 15, 2000, and Rule 60(b) provides that actions for relief from an order based upon mistake, fraud, misrepresentation, or other misconduct of an adverse party must be filed not more than one year after the order was entered. Rule 60(b), SCRCP.
[4] Because we find the doctrine of res judicata supports the trial courts decision to grant summary judgment in favor of the Newsomes, we need not address Amersons arguments pertaining to the trial courts alternative reasons in support of summary judgment.  See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining that the appellate court need not address remaining issues when disposition of prior issues is dispositive).