THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Michael Ziegenfus, Appellant,
v.
Fairfield Electric Cooperative, Inc., Respondent.
 
 
 

Appeal From Fairfield County
 John C. Few, Circuit Court Judge

Unpublished Opinion No. 2006-UP-378
Submitted October 1, 2006  Filed November 21, 2006

AFFIRMED 

 
 
 
William P. Walker, Jr., of Lexington, for Appellant.
Pope D. Johnson, III, of Columbia, for Respondent.
 
 
 

PER CURIAM:  In this personal injury action, Michael Ziegenfus (Ziegenfus) appeals the circuit courts order granting summary judgment in favor of Fairfield Electric Cooperative, Inc. (Fairfield) on the basis of res judicata.  We affirm.[1] 
FACTS
In July 2001, Fairfield contracted out the work of its substation high-voltage electrical testing to Branyon Electrical Maintenance, Inc. (Branyon).  An explosion ensued while Ziegenfus, an employee of Branyon, was testing an energized piece of substation equipment owned by Fairfield.  As a result of the explosion, Ziegenfus was severely injured, suffering permanent scarring, disfigurement, and loss of function from third degree burns over forty-five percent of his body.
On August 1, 2001, Ziegenfus filed a Form 50 seeking workers compensation benefits for his injuries as an employee of Branyon.  At the time of the injuries, Branyon was operating under the South Carolina Workers Compensation Act; its compensation carrier was Monumental General Casualty Company (Monumental).  On December 18, 2001, Ziegenfus filed an Amended Form 50 joining Fairfield and its compensation carrier, Federated Rural Electric Insurance Company (Federated), to the proceeding on the grounds that Branyon, a subcontractor of Fairfield, may have no insurance coverage for the claim.  
On June 18, 2002, the Single Commissioner of the South Carolina Workers Compensation Commission held a hearing to determine which employers and carriers were liable for compensation to Ziegenfus.  The Single Commissioner found that Branyon, and Monumental as its carrier, were liable for the injuries sustained by Ziegenfus.  The Single Commissioner further found that in the event Monumental appealed the order and it was determined that Monumental in fact had no coverage, Fairfield would then be liable to Ziegenfus as an upstream employer.[2]  Accordingly, the Single Commissioner concluded that Fairfields carrier, Federated, would be liable for compensation to Ziegenfus.  The Appellate Panel affirmed the decision of the Single Commissioner.  The findings of fact and conclusions of law from the Single Commissioners order were incorporated by reference into the decision of the Appellate Panel. 
On March 1, 2004, Ziegenfus filed a civil action against Fairfield alleging strict liability and negligence for failing to de-energize the equipment which it owned and on which Ziegenfus was working on the date he sustained the electrical injuries.  On June 4, 2004, Fairfield moved for summary judgment on the ground that the Commissions order had established, as res judicata, that Fairfield was a statutory employer of Ziegenfus and, therefore, his exclusive remedy was under the South Carolina Workers Compensation Act.  
On April 21, 2005, the circuit court granted summary judgment in favor of Fairfield, finding that under the doctrine of res judicata, because Ziegenfus was found to be a statutory employee of Fairfields in the workers compensation proceeding, Ziegenfus could not relitigate the issue in a civil action.  This appeal followed. 
STANDARD OF REVIEW
When reviewing the circuit courts order granting summary judgment, the appellate court is instructed to apply the same standard that governs the circuit court under Rule 56(c) of the South Carolina Rules of Civil Procedure; summary judgment is proper when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fleming v. Rose, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002).  To determine whether any triable issue of fact exists, the evidence and all inferences, which can reasonably be drawn therefrom, must be viewed in the light most favorable to the nonmoving party.  Faile v. S.C. Dept of Juvenile Justice, 350 S.C. 315, 324, 566 S.E.2d 536, 540 (2002).  If triable issues exist, those issues must go to the jury.  Young v. S.C. Dept of Corr., 333 S.C. 714, 717, 511 S.E.2d 413, 415 (Ct. App. 1999).
On the other hand, summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law.  Vermeer Carolinas, Inc. v. Wood/Chuck Chipper Corp., 336 S.C. 53, 59, 518 S.E.2d 301, 305 (Ct. App. 1999).  All ambiguities, conclusions, and inferences arising from the evidence must be construed most strongly against the moving party.  Bayle v. S.C. Dept of Transp., 344 S.C. 115, 120, 542 S.E.2d 736, 738 (Ct. App. 2001).  Summary judgment should be denied even when there is no dispute as to evidentiary facts, but only as to the conclusions or inferences to be drawn from them.   Hall v. Fedor, 349 S.C. 169, 173-74, 561 S.E.2d 654, 656 (Ct. App. 2002).  Summary judgment is a drastic remedy; it should therefore be cautiously invoked to prevent the improper deprivation of a trial of the disputed factual issues.   Lanham v. Blue Cross & Blue Shield, 349 S.C. 356, 363, 563 S.E.2d 331, 334 (2002).
LAW/ANALYSIS
I.       Application of the Doctrine of Res Judicata 
Ziegenfus contends the circuit court erred in granting Fairfields motion
for summary judgment on the basis of res judicata.  Ziegenfus specifically contends the Commissions findings regarding Fairfield were unnecessary and immaterial to the decision awarding workers compensation benefits to Ziegenfus, and therefore res judicata did not apply.  Ziegenfus further contends that Fairfield was not a primary party, but rather an alternate party in the compensation hearing, and the liability of Fairfield was not a matter put in issue by Ziegenfus.  We disagree. 
The Supreme Court of South Carolina has held that res judicata applies if the following elements are met: (1) the identities of the parties are the same as in the prior litigation; (2) the subject matter or cause of action is the same as in the prior litigation; and (3) there was a prior adjudication of the issue by a court of competent jurisdiction.  Johnson v. Greenwood Mills, Inc., 317 S.C. 248, 250-251, 452 S.E.2d 832, 833 (1994); Griggs v. Griggs, 214 S.C. 177, 51 S.E.2d 622, 627 (1949).  

In the application of the doctrine of res judicata, if it is doubtful whether a second action is for the same cause of action as the first, the test generally applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both.  If the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action.  Moreover, before the doctrine of res judicata is applied in such cases, it should appear that the precise question involved in the subsequent action was determined in the former action.

Griggs, 214 S.C. at 177, 51 S.E.2d at 626.  
As to the first element of res judicata, Ziegenfus filed an Amended Form 50, naming Fairfield as a party in the workers compensation proceeding.  Likewise, the record shows that Ziegenfus also named Fairfield as a party defendant in the civil action.  Ziegenfus remained the claimant/plaintiff party in both actions.  Since the identities of the parties were the same in the prior compensation proceeding as in the instant civil action, the first element of res judicata has been adequately met.
As to the second element of res judicata, Ziegenfus directly presented to the Commission the determination of whether Fairfield had any liability in the matter.  Further, Ziegenfus filed an Amended Form 50, specifically joining Fairfield as a party to the compensation proceeding.  Therefore, despite Ziegenfus contention otherwise, he put the issue of Fairfields liability in the matter by seeking the Commissions determination of Fairfields liability based on its status as his statutory employer.  Likewise, in the instant civil action, Ziegenfus alleged Fairfields liability for the injuries he sustained as a statutory employee of Fairfield, while testing equipment owned by Fairfield.  Therefore, as required by Griggs, the subject matter is the same in both actions.
Moreover, under the Griggs test, the Commission found that Fairfield contracted with Branyon to perform work integral to the operation of its business, and Ziegenfus, as an employee of Branyon, was injured during the work.  Likewise, in the civil action, Ziegenfus asserted Fairfield secured Branyon, an independent contractor together with its employees, including Ziegenfus, to perform high-voltage testing of its substation.  Here, evidence in both the workers compensation proceeding and the instant action show that Fairfield was a statutory employer of Ziegenfus.  Under the Griggs test, because the same facts or evidence are relevant to the determination of the claims raised in each action, the two actions are considered the same for res judicata purposes. 
As to the final element of res judicata, the Commission found Fairfield would be liable to Ziegenfus as an upstream employer in the event Monumental had no coverage.  This finding was not immaterial because Ziegenfus sought that determination in his Amended Form 50.  
Based on the above, we find all three elements of res judicata were met in this matter.  The circuit court, therefore, did not err in applying the doctrine of res judicata based on the Commissions adjudication that Fairfield was a statutory employer of Ziegenfus.
CONCLUSION
For the foregoing reasons, we find Ziegenfus failed to present facts sufficient to raise a genuine issue of any material fact as to whether the doctrine of res judicata applied in this matter. The decision of the circuit court is accordingly
 AFFIRMED.
 HUFF, SHORT, JJ. and CURETON, AJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] The Single Commissioners reference to Fairfield as an upstream employer of Ziegenfus is synonymous to Fairfields status as a statutory employer of Ziegenfus.